

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-20-00100-CR

LARRY THOMAS WEBB, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Bowie County, Texas
Trial Court No. 15F0870-005

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

On June 23, 2020, Presiding Judge of the Tenth Administrative Judicial Region Alfonso Charles denied Larry Thomas Webb's motion to disqualify and/or recuse the trial judge in a post-conviction habeas corpus proceeding. On August 31, 2020, Webb filed a notice of appeal attempting to appeal from the administrative judge's June 23 order.

"An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." TEX. R. CIV. P. 18a(j)(1)(A); *see Neveu v. State*, No. 01-14-00638-CR, 2014 WL 4890720, at *1 (Tex. App.—Houston [1st Dist.] Sept. 30, 2014, no pet.) (mem. op., not designated for publication). This Court has jurisdiction to hear appeals from interlocutory orders in certain narrow circumstances not present here. *See Neveu*, 2014 WL 4890720, at *1; *Means v. State*, 825 S.W.2d 260, 260 (Tex. App.—Houston [1st Dist.] 1992, no writ) (dismissing, for lack of jurisdiction, appeal from interlocutory order denying recusal motion).

Webb's felony conviction has become final. *See Webb v. State*, 557 S.W.3d 690 (Tex. App.—Texarkana 2018, pet. ref'd). Texas appellate courts have "no jurisdiction over an appeal from an order denying a recusal motion in a post-conviction proceeding." *Lara v. State*, No. 01-18-00404-CR, 2018 WL 4128091, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op., not designated for publication) (citing *Hamid v. State*, Nos. 01-12-00141-CR & 01-12-00142-CR, 2012 WL 1564332, at *1–2 (Tex. App.—Houston [1st Dist.] May 3, 2012, pet. ref'd) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction because only Texas Court of Criminal Appeals has jurisdiction over felony post-conviction

2

proceedings).  The June 23 order denying Webb's motion to disqualify and/or recuse the trial judge in a post-conviction habeas corpus proceeding is not an order this Court has been authorized to review.  *See id.*

By letter dated September 22, 2020, we informed Webb of this jurisdictional issue. Although a supplemental clerk's record was filed after we informed Webb of this jurisdictional issue, it does not resolve the issue.  Webb has not otherwise responded to our letter.

Because the trial court's June 23 order denying Webb's motion to disqualify and/or recuse the trial judge in a post-conviction habeas corpus proceeding is not an order from which the Texas Legislature has authorized an appeal in this Court, we lack jurisdiction over this appeal.

Consequently, we dismiss the appeal for want of jurisdiction.


Josh R. Morriss, III
Chief Justice

Date Submitted:     October 1, 2020
Date Decided:       October 2, 2020

Do Not Publish

3